IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Farmland Partners, Inc,

    Plaintiff,

v.

Rota Fortunae ET Al.,

    Defendant.

Case No. 1:18-cv-002351-KLM (pending in the United States District Court for the District of Colorado)

**Declaration of Jesse Hough In Support Of Motion
To Quash Or Modify Subpoena To First Midwest Bank**

Jesse Hough makes the following Declaration under penalty of perjury under 28 U.S.C. § 1746.

1. I am over 21 years old. I am a Nebraska resident, and I make this Declaration based on personal knowledge. If called as a witness, I could and would testify to the matters set forth herein.

2. I am President of Pine Ridge Holdings, Inc., and I am a partner in Hough Farms. Both of those entities are closely held businesses.

3. The subpoena requests sensitive commercial information regarding Pine Ridge Holdings, Inc. and Hough Farms. That information includes, in particular, financial statements and information regarding credit analysis. The financial information would include sensitive data about cash positions and asset to loan values as well as sensitive information about planning and forecasts. Pine Ridge Holdings, Inc., and Hough Farms shared that financial information with First Midwest Bank in the course of doing business with First Midwest with the expectation and understanding that the information would be treated as confidential.

4. Furthermore, while Instruction No. 6 in the subpoena says that it excludes personal

financial and identifying information regarding me, Paragraph 5 in the Document Requests broadly requests "All documents relating to Jesse Hough and that relate to Mr. Hough's or Mr. Hough's Entities' transactions with FPI from January 1, 2017 to present." That paragraph does give any criteria for deciding what documents are responsive, and it creates a risk that personal financial information regarding me will be produced.

5. In addition, while Instruction No. 6 says that it excludes my personal financial information and personally identifying information, I currently do not have any way of ensuring that the Bank accurately identifies and excludes or redacts the information.

6. I have particular concerns with confidentiality given the fact that the party sending the subpoena is anonymous, described as Rota Fortunae.

7. In the past, Rota Fortunae has posted information about me on the internet, on the Seeking Alpha website and possibly elsewhere. Before Rota Fortunae posted that information on the Seeking Alpha website, Rota Fortunae did not contact me to confirm whether the information that was going to be written about me was accurate. Without getting bogged down in the details of the lengthy internet post, I believe that much of it was not accurate, and it has harmed my reputation.

8. I do not know Rota Fortunae's identity, and I do not know where he, she, they, or it are located.

9. I am concerned that Rota Fortunae would use any information received about me, or Pine Ridge Holdings, Inc, or Hough Farms to post it on the internet or otherwise to disclose it.

10. I have attached as Exhibit A proposed revisions that were sent to Rota Fortunae's attorneys in an effort to limit the subpoena's document requests in an effort to compromise. Rota Fortunae's attorney rejected that.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2020 in the State of Nebraska.

_____
Jesse Hough

# EXHIBIT A

**EXHIBIT A**

**INSTRUCTIONS**

1. In cases where a document is withheld on grounds of privilege or immunity from discovery, produce a copy of the document with the portion as to which a privilege or immunity is claimed, deleted or blacked out. An entire document shall not be withheld from production unless it is your position that the entire contents of the document are privileged. For any documents, or portion of a document, responsive to these requests withheld under a claim of privilege or immunity, please furnish a list specifying each such document and state (1) the date of the document; (2) the nature of the document (i.e., interoffice memorandum, correspondence, report, etc.); (3) the author or sender; (4) the addressee; (5) the identity of any other recipients of the document that appear on the document as having received a copy (i.e., as a "cc" or "bcc"); (6) a description of the subject matter of the document; (7) the name, address and identification of each person who prepared, received, viewed, or had or has possession, custody or control of the document; (8) the identity of any attachments to the document and whether the attachments have been produced; (9) the number of pages of the document; (10) a statement of the basis upon which the privilege or immunity is claimed; and (11) the paragraph or paragraphs of these discovery requests to which the document relates.

2. Where anything has been deleted from a document produced in response to a discovery request, specify the nature of the material deleted and specify the reason(s) for the deletion(s).

3. With respect to any document that now or previously existed and relates or is related to the subject matter of any of the numbered discovery requests below, but which document has not been produced because it is not presently in your possession, custody or control (including

relevant documents that you have reason to know or believe no longer exist), (1) identify such document; (2) describe the substance of the document in full detail; (3) identify the person who last had possession, custody or control of the document; and, (4) if applicable, set forth the reason(s) why you believe such document no longer exists.

4.  If in responding to these document requests you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, you shall not utilize such claim as a basis for refusing to respond. Rather, you shall identify in your response the language you deem ambiguous, the interpretation chosen or used in responding to the request, and the interpretation(s) not chosen or used in responding to the request.

5.  These requests are intended to be inclusive. Any request made in the singular is to include the plural, and any discovery request made in the plural is to include the singular. Any request made in the present tense shall include the past tense, and any discovery request made in the past tense shall include the present tense. The terms "including," "include" and "includes" are used to illustrate and not to limit.  The terms "and" and "or" each include both the conjunctive and disjunctive meaning.

6.  These requests do not seek any personal financial information or personal identifying information for Paul Pittman or Jesse Hough. To the extent such documents exist, you should note their existence and describe such documents in responding to this Subpoena but not produce the documents themselves or share any personal financial or identifying information.

7.  For any leases provided in response to this subpoena, including without limitation any leases, you shall redact the dollar amounts for any leased property contained in such documents.

## DEFINITIONS

1. "FPI" means and refers to Farmland Partners, Inc., including all subsidiaries, affiliates, related entities including single asset entities that own real property.

2. "You" means First Midwest Bank.

3. "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

4. The "Loan" means the $5.35 million loan identified with loan number 73693 made by you to Pine Ridge Holdings, Inc. on May 18, 2017.

5. "Document" includes writings and recordings as defined in the Rules of Evidence, but excludes for purposes of this subpoena "communications." Subject to that limitation, the term "documents" also includes the original and each and every non-identical copy, regardless of original or location, of all writings of every kind, including but not limited to all written or graphic material such as letters, emails, memoranda, reports, studies, drafts, notes, minutes, diary entries (including calendar entries indicating the date and participants in any meetings), notes or records of telephone conversations, conferences or other oral communications, telegrams or telexes, appointment records, trial balances, work papers, schedules, photographs, films, recordings, charts, graphs, drawings, sketches, transcriptions, tapes, discs, printouts or other electronic data processing materials, briefs, and pleadings.

6. "Communication" means the transmission or exchange of information between two or more persons, orally or in writing or otherwise, and includes but is not limited to any correspondence, conversation, or discussion, whether face-to-face, or by means of mail, telephone, facsimile, email, text message, or other medium.

7. "Relates" or "relating" means supports, proves, evidences, describes, is associated with, provides background for, explains, or tends to contradict.

**DOCUMENT REQUESTS**

1. All documents and communications relating to the Loan ~~.~~ to the extent that those documents and communications have any information referring to Paul Pittman or Farmland Partners Inc.  If your files regarding the Loan have no information referring to Paul Pittman or Farmland Partners, Inc. from January 1, 2017 to the present, please note that in your response.

2. All statements, images, checks, deposit slips, deposited items, account opening documents, records, analyses, and signature cards relating to account number 81-31413, from January 1, 2017 to present.

3. All documents, including all statements, images, checks, deposit slips, deposited items, account opening documents, records to the extent they refer to Paul Pittman or Farmland Partners Inc., analyses to the extent they refer to Paul Pittman or Farmland Partners Inc., and signature cards relating to any account(s) held by any of the following entities: Pittman Hough Farms, L.L.C., Astoria Farms, Hough Farms, Pine Ridge Holdings, Inc., or Pittman Farms ("Mr. Hough's Entities") from January 2017 to present.

4. All documents relating to any loan made by you to any of Mr. Hough's Entities from January 1, 2017 to present to the extent that your file for any such entity has any information referring to ~~concerning~~ Paul Pittman or Farmland Partners Inc. If any of your files for the listed entities have no information referring to ~~concerning~~ Paul Pittman or Farmland Partners Inc. from January 1, 2017 to present, please note that in your response.

5. All documents relating to Jesse Hough that refer to ~~and that relate to~~ Mr. Hough's or Mr. Hough's Entities' transactions with FPI from January 1, 2017 to present.

6. All documents and communications relating to Paul Pittman and that relate to FPI, Mr. Hough or Mr. Hough's Entities' from January 1, 2017 to present.

7. All documents and communications with or relating to FPI from January 1, 2017 to present.