E-FILED
Monday, 04 May, 2020  11:11:43 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Farmland Partners, Inc, | Cause No. 20-MC-3003 |
| Plaintiff, | |
| v. | Case No.  1:18-cv-002351-KLM (pending in the United States District Court for the District of Colorado) |
| Rota Fortunae ET Al., | |
| Defendant. | **Reply Brief In Support Of Motion To Quash Or Modify Subpoena To First Midwest Bank** |

Movants respectfully submit that their Motion to Quash should be granted for the following reasons.

### Argument

### I.    The Subpoena Should Be Quashed Under Fed. R. Civ. P. 45(d)(3)(B).

Rota Fortunae ("RF") asserts in passing on page 7 of its Brief that Movants have not shown a protectable interest or good cause for quashing the subpoena.  But RF fails to respond to the precedent that Movants cited (1) demonstrating that Movants have a protectable interest under Fed. R. Civ. P. 45 in the records of their banking activity as "confidential . . . commercial information" as specified in Fed. R. Civ. P. 45(d)(3)(B)(ii); and (2) showing that the subpoenas should be quashed here.  *See Companie de Inversiones Merctantiles S.A. v. Grupe Cementose de Chihuahua, S.A.B. DE C.V.*, No. 15-cv-02120-JLK, 2019 WL 8223561, at * 3 (D. Colo. Dec. 31, 2019) (concluding that parties and a non-party

had standing to challenge a subpoena seeking their bank records at JP Morgan); *see also e.g., Trusz v. UBS Realty Investors LLC*, No. 09-Cv-268, 2009 WL 10689775 (D. Conn. Dec. 12, 2009) (analyzing standing and collecting relevant authority); *Solow v. Conseco*, Case No. 06 Civ 5988, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) (granting motion to quash a subpoena seeking documents about lending, assets, and financial plans); *Arias-Zeballos v. Tan*, 06 Civ 1268 (GEL) (KNF), 2007 WL 210112, at * 1 (S.D.N.Y. Jan. 25, 2007) (granting motion to quash a subpoena seeking documents about the acquisition of real estate); *Chemical Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993) (holding that a subpoena seeking financial information should be limited to nine specific documents rather than the five boxes of documents sought by the subpoena).

RF also makes arguments about the burden of proof on relevance, but those arguments are incorrect. The party seeking discovery has the burden of showing relevance, and that burden is heightened when the discovery is from a nonparty. Indeed, RF's burden is made clear by one of the cases it cites. *See Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, No. 17cv-00803-CMA-NYW, 2017 WL 4278494, at *3 (D. Colo. Sept. 27, 2017). In fact, that *Schwab* case cites *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998), which shows that when the information in question is protected as confidential commercial information—which is the case here—then the party seeking discovery has the heightened burden under the plain terms of Federal Rule of Civil Procedure 45(d)(3)(C)(i) of demonstrating a "substantial need" for the discovery

that "cannot be otherwise met without undue hardship." *Echostar*, 180 F.R.D. at 394.  In the *Echostar* case, the Court held that "until Echostar has exhausted its efforts to seek production of theses types of materials from [the Defendant], and until Echostar has, at least, completed some depositions, *it cannot even begin to argue that it has a substantial need to obtain the materials from the non-parties*." *Id.* (emphasis added).

RF does not come close to showing that the requested information is relevant, let alone meeting the higher burden placed on it of demonstrating that there is a "substantial need" for the discovery seeking confidential commercial information that "cannot be otherwise met without undue hardship."  There are three basic flaws in RF's argument:

*First*, RF makes numerous assertions attempting to show relevance, but those assertions are not supported by a single Declaration or Affidavit.  RF has no evidence other than the few documents it submitted.  The lack of any Declarations or Affidavits is crucial and outcome-determinative.  Unsupported factual assertions do not count.

*Second*, the few documents RF submitted do not show the necessary relevance, let alone substantial need that cannot be otherwise met without undue hardship.  RF argues that documents it submitted referring to Paul Pittman are relevant to issues in its lawsuit. But that misses the point.  RF already has those documents.  The question here is whether the additional documents that RF seeks by the subpoena are relevant.  And as to that crucial question, RF fumbles the ball.  It never demonstrates why the *additional documents sought by the subpoena* somehow are relevant.  They are not.  Rather than saying what the

requested documents could show that would be relevant, RF has only vague allusions to the possibility that the requested documents somehow could be relevant to whether statements it made on the internet were true.  (RF Brief at 11).  That is not enough.

Tellingly, RF never even meaningfully attempts to connect any possible information that could be in the requested documents to the issues in its case.  RF instead attempts to brush aside that problem by suggesting a party seeking documents in discovery always is in the position of being unable to say why requested documents are relevant.  (RF Brief at 9-10).  That is not true.  To the contrary, a party must be able to articulate why the documents it seeks are relevant, and RF has not done so.

The flaw in RF's arguments is highlighted by its refusal to agree to proposed modifications to the subpoena that would have limited the requests to documents referring to Paul Pittman or Farmland Partners, Inc.  That refusal is significant, because all of RF's arguments hinge on a suggestion that RF's argument about a "related party" issue might be helped if the documents refer to Pittman.  The fact that RF refused to have the subpoena focus on those documents reveals that RF is instead impermissibly fishing.

*Finally*, RF's implicit suggestion that it would like to pour through Movant's confidential financial information cannot be reconciled with RF's burden to show a substantial need that cannot be met through some other means without undue hardship as required by 45(d)(3)(C)(i).  RF's contentions boil down to a desire to scour Movant's financial information for some reason – most charitably to RF, to see if it can find some

name that it cannot specify or a transaction involving an account that it cannot specify. But even assuming that is the reason, that type of fishing expedition is incompatible with Rule 45. Just as in *Echostar*, RF should focus its discovery efforts on the party in the case, Farmland Partners, and its CEO, Paul Pittman. It cannot justify a subpoena with the hope that something it cannot describe might turn up. That vague hope is not a substantial need that cannot be met through some other means without undue hardship.

## II.    RF's Arguments About The Burden On The Bank Are A Red Herring.

RF incorrectly suggests that Movants are arguing about the burden on the Bank. Not so. In fact, Movants' arguments focus on the fact that RF's subpoena broadly targets confidential commercial information about Movants. The problem isn't that the Bank might be burdened. It is that Movant's confidential commercial information should not be produced. RF's arguments about who has standing to object based on burden therefore are a red herring. (RF's Brief at 12).

## III.   RF's Arguments About Whether RF's Identity Should Be Disclosed Are Incorrect.

RF's argument about its identity is like a parody. It submitted a Confidentiality Order Exhibit that RF supposedly signed. But some unidentified person redacted *everything* except the form itself and the date. (RF's Submission, Exhibit A to Exhibit C). The form therefore provides nothing of substance and nothing to support RF. Once again, moreover, RF makes assertions about RF, RF's counsel, and their relationship, but

RF fails to back up any of those assertions with a Declaration or Affidavit. Unsupported factual assertions should be disregarded.

RF's allusion to a First Amendment right to anonymity also is misplaced. The Court in Colorado can determine whether RF can use the First Amendment as a defensive shield to avoid being identified in discovery in the Colorado lawsuit. But the situation here is very different. It changed when RF decided to go on offense seeking confidential commercial information about Movants. Here, RF is like a plaintiff seeking to use the Court's procedures and process affirmatively to his, her, or its advantage. Rather than sit back defensively, RF affirmatively chose to use the Court's discovery procedures like a sword seeking to obtain confidential commercial information about Movants. Accordingly, RF should be required to disclose his, her, or its identity. *See, e.g., In re Boeing 737 Max Pilots Litig.*, No. 19-cv-5008, 2020 WL 27404, at *2-3 (N.D. Ill. Jan. 16, 2020) (explaining why "[t]he people have a right to know who is using their courts" and examining relevant Seventh Circuit authority); *Doe v. FBI*, 218 F.R.D. 256, 258-260 (D. Colo. 2003) (requiring plaintiff to disclose identity). Those cases are consistent with the reasoning from *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753 (7th Cir. 2007) discussed in Movants' Opening Brief, and RF's identity should be disclosed.

## Conclusion

Movants respectfully request that the Court enter an Order Quashing the Subpoena. Alternatively, they request that the Court Modify the Subpoena and Order

that any production must be only on specified conditions, including that any produced

documents be treated as Attorneys' Eyes Only and that Rota Fortunae's identity and

address be identified to the Court and Movants.

DATED: May 1, 2020                    Respectfully submitted,

                                      **HEPLERBROOM LLC**

                                      By: _/s/ Stephen R. Kaufmann_____
                                           Stephen R. Kaufmann, #3126728
                                           4340 Acer Grove Drive
                                           Springfield, IL 62711
                                           (217) 528-3674
                                           (217) 528-3964 - Facsimile
                                           srk@heplerbroom.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and copies will be electronically served upon the following:

Katherine Anna Roush
John Andrew Chanin
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
6th Floor
Denver, CO 80209
kroush@fostergraham.com
jchanin@fostergraham.com

Michael D. Birnbaum
Morrison & Foerster, LLP-New York
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

Aaron French
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
afench@sandbergphoenix.com

_____
*/s/ Stephen R. Kaufmann*